UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SCOTT KNOWLES,

                          Petitioner,                      Case No. 1:14-cv-1024

v.                                                  Honorable Robert J. Jonker

JEFFREY LARSON,

                          Respondent.

_____/

## OPINION

            This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I.      Factual allegations

Petitioner presently is incarcerated at the Central Michigan Correctional Facility. Following a jury trial in Mason County Circuit Court, Petitioner was convicted of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3).  On July 22, 2011, Petitioner was sentenced as a fourth-habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 9 to 75 years.  Petitioner appealed his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Court of Appeals affirmed Petitioner's conviction on November 20, 2012. The Michigan Supreme Court denied leave to appeal on September 3, 2013, because the court was not persuaded that the questions presented should be reviewed.

On February 25, 2014, Petitioner filed a petition for writ of habeas corpus in Case No. 1:14-cv-184 raising the following grounds for relief:

I.      WHETHER THE MICHIGAN COURTS USED AN UNREASONABLE DETERMINATION BY IGNORING LEGALLY RELEVANT FACTS, IN LIGHT OF THE EVIDENCE PRESENTED AND PLAINTIFF'S THEORY OF THE CASE, AS TO WHETHER PLAINTIFF WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, BY TRIAL COUNSEL'S FAILURE TO REQUEST AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF ENTERING WITHOUT PERMISSION, THUS SUBSTANTIALLY AND INJURIOUSLY EFFECTING OR INFLUENCING THE JURY'S DETERMINATION AND ITS VERDICT?

II.     WHETHER THE MICHIGAN [C]OURT OF APPEALS MISAPPLIED THE ESTABLISHED RULE OF LAW TO [PETITIONER'S] QUESTION OF WHETHER MR. KNOWLES' CONVICTION SHOULD BE REVERSED, AS HE WAS DENIED A FAIR TRIAL DUE TO THE TRIAL COURT'S ADMISSION OF UNDULY PREJUDICIAL AND INADMISSIBLE [EVIDENCE] CONCERNING OTHER UNCHARGED, ALLEGED BAD ACTS UNDER MRE 404(B)? AND PETITIONER NOW QUESTIONS WHETHER HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE OF COUNSEL['S] FAILURE TO CONDUCT AND

COMPLETE AN INVESTIGATION INTO THE HELFRICH TESTIMONY?

III. A. WHETHER THE COURT OF APPEALS APPLIED THE WRONG STANDARD OF REVIEW BY IT[ ]S FAILURE TO ADDRESS THE PREJUDICIAL EFFECT OF THE TRIAL COURT[']S FAILURE TO UPHOLD ITS PRIOR RULING ON THE MOTION FOR CHANGE OF VENUE[,] AND[,] THUS, THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE DUE TO PUBLIC SENTIMENTS AND THE COMPELLING AND PREJUDICIAL SPILLOVER OF DEFENDANT'S INVOLVEMENT IN AN ALLEGED 'BOMB THREAT' AND BEING PUBLICALLY EXPOSED TO BEING A 'FOUR TIME HABITUAL OFFENDER' WHICH WAS TELEVISED AND PUBLICIZED THROUGHOUT ALL OF LUDINGTON AND MASON COUNTIES, ALL OF WHICH DENIED DEFENDANT'S DUE PROCESS TO AN IMPARTIAL JURY AS CLEARLY DETERMINED BY SUPREME COURT PRECEDENT AND THE FEDERAL GOVERNING LEGAL STANDARD?

B. WHETHER PETITIONER WAS DENIED AN IMPARTIAL JURY BY THE PREJUDICIAL COMMENTS OF THE PROSECUTION,VOUCHING FOR THE CREDIBILITY [AND] TRUSTWORTHINESS OF WITNESS HELFRICH?

C. WHETHER PETITIONER WAS DENIED AN IMPARTIAL JURY BECAUSE OF TRIAL COUNSEL'S DEFICIENT ACTIONS THAT PREJUDICED PETITIONER FROM RECEIVING A FAIR TRIAL?

IV. A. WHETHER THE COURT OF APPEALS DECISION WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS WHERE, THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO SUPPRESS 'FRUITS OF A POISONOUS TREE' WHICH VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHTS BY EXPOSING THE JURY TO PREJUDICIAL EVIDENCE WHICH WAS OUTCOME DETERMINATIVE AS CLEARLY ESTABLISHED BY SUPREME COURT PRECEDENT AND THE FEDERAL GOVERNING LEGAL STANDARD?

B. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING EVIDENCE THAT WAS MORE PREJUDICIAL

[THAN] PROBATIVE, IN VIOLATION OF ITS OBLIGATION TO GUARANTEE PETITIONER A FAIR AND IMPARTIAL JURY ON THE DETERMINATION OF GUILT OR INNOCENCE?

C.    WHETHER THE PROSECUTING ATTORNEY WAS DERELICT IN HIS OBLIGATION TO PREVENT A MISCARRIAGE OF JUSTICE BY PRESENTING EVIDENCE THAT HE KNEW WAS OF QUESTIONABLE ORIGIN[ ] AND PREJUDICIAL AS TO DENY PETITIONER OF AN IMPARTIAL JURY AND FAIR TRIAL?

(Pet., docket #1, Page ID##11, 13, 16, 17, 19.)

On March 12, 2014, the Court dismissed the petition without prejudice because it was a mixed petition with some exhausted and some unexhausted claims, because Petitioner had an available state court remedy and because Petitioner had more than 60 days to exhaust his unexhausted claims in state court before the expiration of the statute of limitations on December 2, 2014.

On September 29, 2014, Petitioner filed the instant petition raising Claims I, II, IIIA and B, and IVA from his original petition.  In his petition, Petitioner explains that on March 26, 2014, he sent a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* to the Mason County Circuit Court, but his motion was not filed and has not been ruled on.  However, circuit court records reflect that Petitioner's motion for relief from judgment was filed and an opinion was issued on October 7, 2014.  Petitioner states that he is filing the instant petition to avoid expiration of the December 4, 2014 statute of limitations while pursuing his state court remedies.

II.    Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he exhausted all of his claims on direct appeal. However, in its opinion dismissing the original petition, the Court noted that the second sentence in Ground II of the petition raised an unexhausted ineffective assistance of counsel claim. (*See Knowles v. McKee*, Case No. 1:14-cv-184, Op., docket #3, Page ID#237.) Petitioner continues to raise that same unexhausted claim in the instant petition. Moreover, because Petitioner filed a motion for relief from judgment, it appears that Petitioner is in the process of exhausting some, if not all, of his unexhausted claims so that he may present them to this Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). As noted above, Petitioner has filed his one allotted motion for relief from judgment under MICH. CT. R. 6.500

*et. seq.* and according to circuit court records an opinion was issued on October 7, 2014.   If Petitioner's motion was denied by the circuit court, he must continue to exhaust his claim(s), by appealing that decision to the Michigan Court of Appeals and the Michigan Supreme Court.   *See Duncan*, 513 U.S. at 365-66.

As the Court previously explained, because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."   Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.   However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.   This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.   As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.   *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).   In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.   *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).   Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.   The Michigan Supreme Court denied his application on September 3, 2013.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).   The ninety-day period expired on December 2, 2013. Accordingly, absent tolling, Petitioner would have one year, until December 2, 2014, in which to file his habeas petition.   However, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007)*.* The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.   Thus, so long as Petitioner continues to pursue post-conviction relief in the state courts, the statute of limitations remains tolled from the time he filed his motion for relief from judgment in the circuit court until the Michigan Supreme Court  has decided his appeal, or until expiration of the time for seeking such review.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).  Petitioner has more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court

remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   ____October 21, 2014____        /s/ Robert J. Jonker_____
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE