UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SCOTT KNOWLES,

        Petitioner,

CASE NO. 1:14-CV-1024

v.

HON. ROBERT J. JONKER

JEFFREY LARSON,

        Respondent.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 21) and Plaintiff's Objection (ECF No. 22). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends denying Petitioner's habeas corpus petition, factually sound and legally correct.

Petitioner raises no specific objection to the Report and Recommendation. Instead, Petitioner simply asserts that the Report and Recommendation "clearly lacks merit." (ECF No. 22, PageID.1703.) The failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 308 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, the Court finds the Magistrate Judge's analysis of the merits of Petitioner's claims correct in any event. The petition must be denied.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22b); see also *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253()(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not

believe that reasonable jurists would find the Court's assessment of Petitioner's claims debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 21) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

3. Petitioner's request for a certificate of appealability is **DENIED**.


Dated:   February 16, 2018            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE